# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | | |
|---|---|---|
| ANTONIA ARECHIGA, | ) | |
| | ) | |
| Plaintiff, | ) | Case  No. CV 05-05649 AJW |
| | ) | |
| v. | ) | MEMORANDUM OF DECISION |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits and supplemental security income benefits.  The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

## Administrative Proceedings

The parties are familiar with the procedural facts, which are summarized in the Joint Stipulation. [See JS 2-3]. The Administrative Law Judge ("ALJ") concluded that plaintiff is not disabled because she retains the residual functional capacity to perform her past relevant work as a sewing machine operator. [JS 2]. The Appeals Council denied plaintiff's request for review of that decision. [JS 2].

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial

1   evidence or if it is based on the application of incorrect legal standards. Ukolov v. Barnhart, 420 F.3d 1002,

2   1004 (9th Cir. 2005); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  Substantial evidence is more

3   than a mere scintilla but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401 (1971);

4   Thomas, 278 F.3d at 954.  Substantial evidence means "such relevant evidence as a reasonable mind might

5   accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co.

6   of New York v. N.L.R.B., 305 U.S. 197, 229 (1938)); Thomas, 278 F.3d at 954.  The court is required to

7   review the record as a whole, and to consider evidence detracting from the decision as well as evidence

8   supporting the decision.  Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999); Andrews v. Shalala, 53

9   F.3d 1035, 1039 (9th Cir. 1995).   "Where the evidence is susceptible to more than one rational

10  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas,

11  278 F.3d at 954 (citing Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

12                                          **Discussion**

13          **Mental impairment**

14          Plaintiff contends that the ALJ erred in finding that she had no severe mental impairment and in

15  failing properly to develop the record in regard to plaintiff's alleged mental impairment.

16          "An impairment or combination of impairments may be found not severe *only if* the evidence

17  establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work."

18  Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2006) (internal quotation marks omitted) ).To determine

19  whether or not an impairment is severe, the ALJ must determine whether a claimant's impairment or

20  combination of impairments significantly limits his or her physical or mental ability to do "basic work

21  activities." 20 C.F.R. §§ 404.1521 (a)-(b), 416.921(a)-(b)[1]; see Webb, 433 F.3d at 686-687.  The severity

22  analysis is "a de minimis screening device used to dispose of groundless claims, and an ALJ may find that

23  a claimant lacks a medically severe impairment or combination of impairments only when his conclusion

24

25          [1]     Basic work activities are the "abilities and aptitudes necessary to do most jobs," such as (1)
26  physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and
    handling; (2) the capacity for seeing, hearing, speaking, understanding, carrying out, and
27  remembering simple instructions; (3) the use of judgment; and (4) the ability to respond
28  appropriately to supervision, co-workers, and usual work situations.  20 C.F.R. §§ 404.1521(b),
    416.921(b).

1  is clearly established by medical evidence." Webb, 433 F.3d at 687 (internal alterations, quotation marks,

2  and citations omitted).

3        Plaintiff alleged that she was disabled by depression, among other conditions. [Administrative

4  Record ("AR") 92]. The ALJ found that plaintiff had a "history of adjustment disorder(s) (partner relational

5  problem and an occupational problem), but with no showing that these are associated with any severe

6  limitations interfering with the performance of basic work activities." [AR 19].  Using the "special

7  technique" [AR 20] for evaluation of the severity of mental impairments described in 20 C.F.R. §§

8  404.1520a and 416.920a, the ALJ rated plaintiff's mental functioning in "[f]our broad areas of function"

9  and concluded that

10        the evidence shows mild restriction of activities of daily living, mild difficulties in

11        maintaining social functioning, mild difficulties in maintaining concentration, persistence,

12        or pace; and no documented episodes of decompensation. The evidence shows that the

13        claimant has mild psychological impairment(s).

14  [AR 21].

15        To support his assessment, the ALJ cited two reports from treating psychologist Beverly Frank.  Dr.

16  Frank saw plaintiff once, when plaintiff sought treatment for complaints of depression and "desperate

17  feelings" related to interpersonal problems with her boyfriend of 37 years and being laid off from her job

18  due to a back injury.   [AR 190-194, 213-223].  Dr. Frank diagnosed a partner relational problem and an

19  occupational problem. Dr. Frank also assigned plaintiff a Global Assessment of Functioning score of 65,

20  denoting mild symptoms or a mild functional impairment. [AR 194, 215-216]. See The American

21  Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders Multiaxial Assessment 32

22  (4th ed. 1994)(revised 2002); see also Morgan, 169 F.3d at 598 n.1; Sousa v. Chater, 945 F.Supp. 1312,

23  1319 n.7, 1320 n.8, 1322 n.9 (E.D. Cal. 1996), rev'd on other grounds, 143 F.3d 1240, 1245 (9th Cir. 1998).

24        The ALJ also relied on the report of the non-examining state agency physician. [AR 21 (citing AR

25  195, 205)].  Although the state agency physician opined that plaintiff had a mild degree of limitation in the

26  first three functional areas assessed under the special psychiatric review technique (activities of daily living,

27  social functioning, and concentration, persistence, or pace), he also checked a box indicating that plaintiff

28

3

1    had experienced "one or two" "episodes of decompensation, each of extended duration."[2] [AR 205].  The

2    ALJ cited that page of the state agency physician's assessment; however, the ALJ found that plaintiff had

3    "no documented episodes of decompensation." [AR 21].

4            Plaintiff argues that the ALJ's omission is material error because the regulations classify a non-

5    severe mental impairment as one which produces no more than mild limitations in the first three functional

6    areas and *no* episodes of decompensation.  See 20 C.F.R. § 404.1520a(d)(1).  Plaintiff contends that, at a

7    minimum, the ALJ should have ordered a psychological consultative examination to more fully develop the

8    record.

9            Plaintiff's argument is well-founded.  The ALJ relied on the state agency physician's assessment

10   to support his finding that plaintiff did not have a severe mental impairment.  The ALJ adopted that

11   physician's opinion in other respects, but he did not acknowledge or explain the discrepancy between his

12   finding that plaintiff had no episodes of decompensation and the state agency physician's determination that

13   plaintiff had one or two "episodes of decompensation, each of extended duration." [See AR 20-21].  The

14   occurrence of episodes of decompensation is directly relevant to the severity determination, and the state

15   agency physician's finding on that point must be considered.  See 20 C.F.R. §§ 404.1527(f)(2)(i),

16   416.927(f)(2)(i) ("State agency medical and psychological consultants ... are highly qualified physicians and

17   psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law

18   judges must consider findings of State agency medical and psychological consultants ... as opinion evidence,

19   except for the ultimate determination about whether you are disabled.")(citing 20 C.F.R. § 404.1512(b)(6)).

20

21           If the record contains substantial evidence contradicting the state agency physician's assessment in

22

---

23       [2]    The Commissioner defines "episodes of decompensation" as "exacerbations or temporary
         increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by
24       difficulties in performing activities of daily living, maintaining social relationships, or maintaining
         concentration, persistence, or pace. Episodes of decompensation may be demonstrated by an
25       exacerbation in symptoms or signs that would ordinarily require increased treatment or a less
         stressful situation (or a combination of the two)."  20 C.F.R. Pt. 404, Subpt. P, App. 1. § 12.00C.
26       "Repeated episodes of decompensation, each of extended duration" means "three episodes within
         1 year, or an average of once every 4 months, each lasting for at least 2 weeks." 20 C.F.R. Pt. 404,
27       Subpt. P, App. 1. § 12.00C.4.

28

1  this regard, the ALJ could have used that evidence to justify his contrary finding.[3]  See 20 C.F.R. §§

2  404.1527(f)(2)(ii), 416.927(f)(2)(ii)(stating that the ALJ must weigh state agency consultant opinions and

3  explain the weight given those opinions using the same factors that apply to treating and examining

4  sources); Sousa, 143 F.3d at 1244 ("The Commissioner may reject the opinion of a non-examining physician

5  by reference to specific evidence in the medical record.").  If the record contains no contrary evidence, the

6  ALJ had the option of developing the record further, such as by ordering a consultative psychological

7  evaluation.  See 20 C.F.R. §§ 404.1519a, 416.919a (explaining that a consultative examination may be

8  ordered where additional information is needed or where a conflict, inconsistency, ambiguity or

9  insufficiency in the evidence must be resolved).  He did neither.

10  Defendant argues that the ALJ's severity finding was proper because even though the state agency

11  found that plaintiff had one or two extended episodes of decompensation, that doctor opined elsewhere in

12  the same report that plaintiff's mental impairment was "non severe." [See AR 207].  At best, that represents

13  an inconsistency or ambiguity in the state agency physician's opinion which the ALJ should have

14  acknowledged and attempted to resolve by further development of the record.

15  The lack of a severe mental impairment is not "clearly established by medical evidence" in this case,

16  Webb, 433 F.3d at 687, and the ALJ breached his duty to develop the record in order to accurately assess

17  the severity of plaintiff's alleged mental impairment.  Accordingly, the ALJ's decision cannot stand.

18  **Choice of remedy**

19  In general, the choice whether to reverse and remand for further administrative proceedings, or to

20  reverse and simply award benefits, is within the discretion of the court.  See Harman v. Apfel, 211 F.3d

21  1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings

22  or payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531

23  U.S.  1038 (2000).  The Ninth Circuit has observed that "the proper course, except in rare circumstances,

24

25  [3]  The ALJ gave no indication that he was rejecting the state agency's finding in reliance on
26  Dr. Frank's reports.  In any event, her reports possess little or no probative value on this issue
    because she saw plaintiff only once, she said she did not have sufficient information to provide
27  "general observations about plaintiff," and she answered "unknown" when asked to rate plaintiff's
    current level of functioning in activities of daily living and adaptation to work or work-like
28  situations. [AR 190-195].

1   is to remand to the agency for additional investigation or explanation." <u>Moisa v. Barnhart</u>, 367 F.3d 882,

2   886 (9th Cir. 2004) (quoting <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002) (per curiam)).   A district court,

3   however,

4       should credit evidence that was rejected during the administrative process and remand for

5       an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for

6       rejecting the evidence; (2) there are no outstanding issues that must be resolved before a

7       determination of disability can be made; and (3) it is clear from the record that the ALJ

8       would be required to find the claimant disabled were such evidence credited.

9   <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004) (citing <u>Harman</u>, 211 F.3d at 1178). The <u>Harman</u> test

10   "does not obscure the more general rule that the decision whether to remand for further proceedings turns

11   upon the likely utility of such proceedings."   <u>Harman</u>, 211 F.3d at 1179; <u>see</u> <u>Benecke</u>, 379 F.3d at 593

12   (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record

13   would be useful").

14       Because it is not clear from the record that the ALJ would be required to find plaintiff disabled if

15   he credited the state agency physician's finding regarding episodes of decompensation, a remand for further

16   administrative proceedings is appropriate. On remand, the ALJ should obtain a consultative mental

17   examination and take any other steps necessary to fully develop the record.

18       Plaintiff also contends that the Appeals Council erred in failing to remand this case in light of new

19   treating source evidence.  It is unnecessary to consider that contention separately on the merits because the

20   ALJ will have the opportunity to consider new evidence submitted by plaintiff on remand.

21                           **Conclusion**

22       For the reasons stated above, the Commissioner's decision is not supported by substantial evidence

23   and does not reflect application of the proper legal standards.  Accordingly, the Commissioner's decision

24   is **reversed**, and this case is **remanded** to the Commissioner for further administrative proceedings

25   consistent with this memorandum of decision.

26   DATED: December 4, 2006

                           **/ s /**

27                          _____

28                          ANDREW J. WISTRICH
                       United States Magistrate Judge